## COMMONWEALTH FOR MUIR *v.* J. S. COLEMAN.

### Guardian and Ward—Settlement With Ward.

A guardian cannot escape liability to the ward in settlement by turning over to him a note on parties of a doubtful solvency, which can be collected, if at all, only by the highest degree of diligence. without notifying the ward of the true condition of the maker.

#### APPEAL FROM TODD CIRCUIT COURT.

October 10, 1873.

OPINION BY JUDGE LINDSAY:

The note of Hutchings and Browder might have been turned over to Muir as part of his estate without the assignment of Coleman, the guardian, if the payors had been solvent at the time, or if they were solvent when the note was renewed, and the guardian had taken the necessary legal steps to insure its collection within a reasonable time after the solvency of either of them became a matter of doubt. Here it is questionable whether or not the principal could pay his debts when the note was renewed, and it is shown that nothing short of extraordinary diligence could have secured its collection after it was passed to the ward, and of this fact Coleman either was or could have been advised had he taken sufficient interest in his ward's estate to investigate the condition of Hutchings & Browder.

He was, therefore, in default when he settled with his ward. He had no right to demand that the latter should accept as part of his estate, a note on parties of doubtful solvency and which he had taken no steps to collect. He might, however, have excused himself for this default by assigning the note and notifying the ward to sue at the first term of the court, and prosecute the claim to collection with legal diligence. Instead of doing this he left him to rest under the

false impression that the note was equal to gold, and he now seeks to escape liability upon the ground that the ward might have obtained from an attorney that information which it was his clear duty to give.

As to the note of Hillingsworth and Edwards, it was a manifest breach of duty for appellant to pay it to his ward in any state of case. The ward was entitled to have his own estate, or else to be paid in money. The debt due to him could not be paid by the guardian with a cash note which could only be collected by the use of the highest degree of diligence.

Petition overruled.

*S. K. Kennedy, Rodman, for appellant.*

*Petrie & Reeves, for appellee.*